Nott, J.
delivered the opinion of the Court.
I his is a motion to reverse the decision of the District- Court. A prosecution has been comrnenced against the defendant, in the inferior City Court of Charleston, for an offence againstof' one of the by-laws of the City Council. He has obtained, from the District Court, an order for a prohibition to restrain the City Court from proceeding further in the case, for want of jurisdiction. Application is now made to this Court to reverse that order. The various grounds on which the motion for a prohibition is predicated, are stated in the suggestion, and may be resolved into this one.: That the commission of the Judge of the City Court is not given in the name of the state, and by the authority of the same; that it is not sealed with the seal of the state, nor signed by the Governor, pursuant to the several provisions of the Constitution, in the suggestion mentioned ; that the said commission is, therefore, null, void,'.and unconstitutional. , The first question which l shall consider is, whether the several clauses of the Constitution of this state, au *46 thorising the Legislature to establish superior and inferior Courts, and prescribing the manner in which the Judges shall be elected and commissioned, extend to the Judges of the Inferior City Court of Charleston, or of other inferior corporations ? The object of the Constitution is to settle and establish the great and. fundamental principles of the government, to prescribe the duties, define the powers, and limit the authority of the various functionaries in such a manner as will best.secure the rights and liberties of the people. It provides for three distinct and co-ordinate branches : the Legislative, Executive, and Judicial. To the Legislative branch is assigned the power of establishing such Courts as they may think proper, and of electing the Judges; to the Executive, the power of commissioning them; and the tenure by which they shall hold their offices is declared by the Constitution itself. The Judges so elected and commissioned, are Judges of the State, and not of a particular town or city. . Their duty is to expound and administer the laws of the state, and not the by-laws of an inferior body politic, or corporate. The Judiciary of the state, and that of the city, emanate from different sources; the former derives its existence from the Constitution, or the people; the latter from an act of the Legislature ) the several clauses, therefore, which have been relied on in support of this process, ‘ relate to the Judges of such superior and inferior *47 Courts as belong to the state, and not to the Judges of any corporate body which the Legislature may create. The Constitution does not indeed expressly require that the Judges of the superior Courts shall be commissioned ; it only directs the manner in which commissions shall be issued, and the tenure by which the. Judges shall hold them when granted. The commission confers no power; it is only evidence of a power previously granted. This case is susceptible of another view: the City of Charleston was incorporated previous to the adoption of our present Constitution; the Court of Wardens was declared a Court of Record, and had power to take cognizance of offences against the bylaws of the City Council. 3 Brevard, 34, 37, P. L. 346. The second Section of the 8th article of the Constitution declares, that therights, privileges, immunities, and estates, of both civil and religious societies, and of corporaté bodies, shall remain, as if the Constitution of this state had not been altered and amended. By the Act of Incorporation the City Council are authorized to appoint a Recorder, and such other officer aá they may think necessary to carry the by-laws, &c. into execution. By the Act of 1801 it is declared, that the Recorder shall be the Judge of the City Court; that he shall have jurisdiction of all offences against the by-laws of the city; and shall hold his commission during good behaviour ; but it prescribes no new method of ap *48 P°in^ng? or commissioning him ; it- recognises him as ex officio Judge of the City Court, by vir-tue of his office as Recorder. As soon as he is appointed by the Council, his Judicial authority attaches under the Act, and no commission for the purpose is necessary. I am of opinion, therefore, that there were no grounds for the interposition of the District Court to arrest the proceedings of the inferior City Court, and that the decision must be reversed.
J. P. White, in support of the motion.
Gadsden, contra.
The other Judges concurred.